## DE METS v. MOSS.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

CLAIM AGAINST DECEDENT'S ESTATE—SUFFICIENCY OF EVIDENCE.

Where evidence to support the finding of a referee in respect to a claim against a decedent's estate for conversion of personal property is insufficient, unsatisfactory, and slight in its nature, and consists largely of testimony by plaintiff as to personal transactions between himself and defendant's testator, concerning the ownership of the property which was in decedent's possession for years prior to his death, a judgment thereon should be reversed.

Appeal from judgment on report of referee.

Action by George de Mets against Frank Moss, as executor of Maltby G. Lane, deceased, for damages for conversion. Defendant appeals from a judgment in favor of plaintiff, entered upon the report of a referee. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Stephen B. Brague,* for appellant. *Billings & Cardozo,* (*Coles Morris,* of counsel,) for respondent.

VAN BRUNT, P. J. The plaintiff presented a claim against the defendant for conversion by Maltby G. Lane, deceased, of certain furniture. The claim was rejected, and referred to a referee, who found for the plaintiff. The claim was for certain suits of furniture, which it appeared had been in the possession of Maltby G. Lane, deceased, for a considerable period prior to his death, and which it is alleged he sold and converted shortly prior thereto. It is not necessary to discuss at any great length the evidence in this case, because there is one feature which is plainly presented, and which requires a reversal of the judgment, and a new reference. During the trial much evidence was introduced of personal transactions between the plaintiff and the deceased, and in fact the claim was made out largely by such improper evidence. But as to a portion of the property for which a recovery has been had there was not the slightest proof of ownership in the plaintiff; and the amount of credence which is to be placed upon the plaintiff's testimony is strikingly exemplified by his method of testifying in respect thereto. He testified that the brother of his wife gave him that suit. Upon being asked, "Was it a wedding present?" he answered: "I suppose so. I was on friendly terms at that time with Richard H. Lane. I don't remember what he said when he gave me that bedroom suit." And then, in answer to a question whether that bedroom suit was not presented to his wife, he said, "It was presented to us both." And then, in another part of the examination, he

swore that the present was made to himself and his wife together; and yet, in answer to the question, "Do you mean by that answer that you was included in that present?" his reply was, "I was not there when the gift was given;" thus showing that he knew nothing about the gift or its nature. And this is the only evidence tending to show that the plaintiff was the owner of this property. It was a wedding present, given by his wife's brother; and the plaintiff, without having any knowledge further than that, claims the property as his own. This seems altogether too slight evidence to justify the maintenance of a claim therefor against the estate of a deceased person, who had been in possession of the furniture many years before his death. We think it is a very grave question as to whether or not the proof was not amply sufficient to show that the debt had been outlawed before the death of Lane. It appears from the evidence of this reliable witness that a demand was made for this furniture as far back as 1882, and refused; and then, after he sees what the effect of such testimony is, he attempts to retract what he had said, and claims that they submitted gracefully when Mr. Lane refused to give up the furniture. We are of opinion that the judgment should be reversed, and a new referee appointed to pass upon the claim, with costs to the appellant to abide the final result of the proceeding.